IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-01077-ZLW-MJW

ROBERT E. MONTOYA,

    Plaintiff,

v.

AMERICAN STATES INSURANCE COMPANY,

    Defendant.

---

**ORDER REGARDING:
(1) DEFENDANT AMERICAN STATES INSURANCE COMPANY'S MOTION TO COMPEL (DOCKET NO. 56);
(2) DEFENDANT AMERICAN STATES INSURANCE COMPANY'S MOTION FOR PROTECTIVE ORDER (DOCKET NO. 67);
AND
(3) DEFENDANT AMERICAN STATES INSURANCE COMPANY'S MOTION TO COMPEL RULE 35 EXAMINATION (DOCKET NO. 77)**

---

**Entered by Magistrate Judge Michael J. Watanabe**

    This matter was before the court for oral argument on August 11, 2008 on: (1) Defendant American States Insurance Company's Motion to Compel (docket no. 56); (2) Defendant American States Insurance Company's Motion for Protective Order (docket no. 67); and (3) Defendant American States Insurance Company's Motion to Compel Rule 35 Examination (docket no. 77). The court has reviewed the subject motions listed above, the responses thereto, and replies. In addition, the court has reviewed the medical records of Plaintiff that were submitted for *in camera* review which are bates stamped 0083 through 0108, inclusive. Furthermore, the court has considered applicable Federal Rules of Civil Procedure and case law. Lastly, the court

has considered the oral argument presented by the parties at this hearing. The court now being fully informed makes the following findings of fact, conclusions of law, and order.

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

The court finds:

1. That I have jurisdiction over the subject matter and over the parties to this lawsuit;

2. That venue is proper in the state and District of Colorado;

3. That each party has been given a fair and adequate opportunity to be heard;

4. That in February 2005, Plaintiff filed a worker's compensation claim against his employer. Defendant is the worker's compensation carrier for Plaintiff's former employer. Plaintiff claimed an injury to his right shoulder. From February 2005 through September 29, 2006, Plaintiff received medical treatment to his right shoulder and minimal treatment for a rib injury that was caused when Plaintiff became stuck in an MRI machine. On September 29, 2006, Plaintiff's treating physician, Dr. Maisel, placed Plaintiff at maximum medical improvement. Dr. Maisel released Plaintiff to return to full work activities. Dr. Maisel stated that Plaintiff should avoid heavy lifting and over-the-head work. However, with respect to the right shoulder injury, Dr. Maisel released Plaintiff back to full work activities. See exhibit B attached to docket no. 77;

5. That the Complaint alleges that Defendant acted in bad faith in adjusting Plaintiff's worker's compensation claim. In particular, Plaintiff's bad faith claim is based upon Defendant's delay between the first and second surgeries on Plaintiff's right shoulder. In the worker's compensation claim, the right shoulder and rib injury were the only injuries deemed compensable. However, in the Complaint here, Plaintiff claims that he is totally disabled, and he is seeking recovery of past and future economic losses. The amount of such damages that Plaintiff is seeking exceeds one million dollars. See exhibit C attached to docket no. 77;

6. That Plaintiff was found to be totally disabled by the Social Security Administration ("SAA") on August 28, 2007. In the decision by the SAA it was found that Plaintiff had severe impairments to include, "status post rotator cuff repair with continuing complaints of pain; morbid obesity; diabetes mellitus attended by lower extremity edema; sleep apnea; pedal peripheral neuropathy." See page 3 of decision of SAA, exhibit D attached to docket no. 77;

7. That Plaintiff has placed his medical condition at issue as to the cause of his injuries claimed and damages sought and as to which medical conditions prevent him from working;

8. That Fed. R. Civ. P. 35 states that the court may order a party to submit to a physical examination when the party's physical condition is in controversy. In this case, Plaintiff has placed his

physical condition in controversy, and therefore a Rule 35 examination should be ordered;

9. That the medical records of Plaintiff that have been bates stamped 0083 through 0108, inclusive, and have been reviewed by this court *in camera,* are discoverable and may lead to relevant admissible evidence at trial, and therefore Defendant is entitled to such documents;

10. That Plaintiff's counsel, Mr. Craw, sent a letter to Defendant's counsel, Mr. Olsen, dated May 12, 2008. Mr. Craw attached to that letter a list of subject areas pursuant to Fed. R. Civ. P. 30(b)(6) to Defendant. The list of subject areas are from 1 through 31, inclusive. *See* exhibit A attached to docket no. 67;

11. That during this hearing, this court questioned both sides through their counsel on this list of subject areas;

12. That during such questioning by this court of counsel, Mr. Olsen, regarding this list of subject areas, Mr. Olsen indicated that Plaintiff should be entitled to inquiry into paragraphs 2, 9, 10, 11,12, 13, 23, 30, and 31 on the list of subject areas;

13. That during further questioning by this court of counsel, Mr. Craw, regarding this list of subject areas, Mr. Craw withdrew his request to inquire into paragraph 28;

14. That as to the remainder of list of subject areas in paragraphs 1, 3, 4, 5, 6, 7, 8, 14 through 22, inclusive, 24 through 27, inclusive, and

29, I find these subject areas were not fully responded to by Defendant's representatives Ann Schrader and Joe Barbara during their depositions, and therefore Plaintiff is entitled to another Rule 30(b)(6) deposition from the Defendant to answer these subject areas as well as the subject areas listed in paragraphs 2, 9, 10, 11,12, 13, 23, 30, and 31.

## ORDER

**WHEREFORE,** based upon these findings of fact and conclusions of law, this court **ORDERS:**

1. That Defendant American States Insurance Company's Motion to Compel (docket no. 56) is **GRANTED.** Plaintiff shall provide to Defendant on or before **September 3, 2008**, the medical records of Plaintiff that have been bates stamped 0083 through 0108, inclusive. Such medical records that were submitted to this court for *in camera* review shall remain sealed by the court and not opened except by further Order of Court;

2. That Defendant American States Insurance Company's Motion for Protective Order (docket no. 67) is **DENIED.** The parties shall meet and confer within five (5) business days from the date of this Order and reset the Defendant's Rule 30(b)(6) deposition(s). Such Rule 30(b)(6) deponent or deponents shall have knowledge to answer the subject areas as outlined in paragraphs 12 and 14 above. The

parties can complete such Rule 30(b)(6) depositions by the extended date to complete discovery as listed in paragraph 4 below;

3. That Defendant American States Insurance Company's Motion to Compel Rule 35 Examination (docket no. 77) is **GRANTED**. Plaintiff shall submit to a Rule 35 Examination with Dr. Henry Roth. The parties are to meet and confer within five (5) business days from the date of this Order and schedule the Rule 35 Examination with Dr. Roth;

4. That the deadline to complete discovery is extended to October 31, 2008;

5. That the Final Pretrial Conference set on September 15, 2008, at 8:30 a.m. is VACATED and RESET to December 15, 2008, at 8:30 a.m. in Courtroom A-502, Fifth Floor, Alfred A. Arraj U.S. Courthouse, 901 19th Street, Denver, Colorado. The proposed Final Pretrial Order shall be submitted to the court on or before December 8, 2008.

6. That each party shall pay their own attorney fees and costs.

Done this 22nd day of August 2008.

                                          BY THE COURT

                                          s/ Michael J. Watanabe
                                          MICHAEL J. WATANABE
                                          U.S. MAGISTRATE JUDGE